**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Paul Gregory NELSON, Defendant-Appellant.**

**No. 77–1140.**

United States Court of Appeals, Tenth Circuit.

Argued and Submitted May 8, 1978.

Decided Aug. 30, 1978.

Rehearing Denied Sept. 28, 1978.

Daniel C. Hale, Boulder, Colo., for appellant.

Nancy E. Rice, Asst. U. S. Atty., Denver, Colo. (Cathlin Donnell, U. S. Atty. (Interim) and Rod W. Snow, Asst. U. S. Atty., Denver, Colo., on the brief), for appellee.

Before SETH, Chief Judge, and LEWIS and DOYLE, Circuit Judges.

LEWIS, Circuit Judge.

The defendant in this case has appealed from a judgment of conviction in the United States District Court for the District of Colorado for possession with intent to distribute a quantity of cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The defendant's first trial ended in a mistrial on November 9, 1976. The second trial, leading to the conviction here on appeal, took place the following day.

The defendant was arrested by two drug enforcement agents who had negotiated for

the purchase from the defendant of one pound of cocaine for $29,000. The negotiations between the agents and defendant were brought about by Carl Arico, an unindicted intermediary. Both Nelson and Arico were arrested after the drugs were tendered for sale, but only Nelson was brought to trial. At trial defense counsel questioned the DEA officers extensively about Arico's involvement in the transaction, emphasizing that Arico had played an important role in bringing about the attempted sale yet was not indicted. In response, the prosecutor asked one of the agents why charges were not sought against Arico, to which the agent answered that their main goal was to prosecute the "major traffickers." Defense counsel objected and moved that the answer be stricken. The trial judge excused the jury and then granted the motion after asking defense counsel twice if he had any further, motions to make. The judge then characterized the stricken testimony as being as reprehensible as any he had ever heard. The prosecutor volunteered that he knew in advance what the answer would be, whereupon defense counsel moved for a mistrial, which was granted.

During the course of the second trial the prosecutor entered as an exhibit the cocaine which the DEA officers had received from the defendant. Defense counsel accepted the exhibit and stipulated to the fact that it consisted of 448.12 grams of powder containing 79 percent or 353.1 grams of pure cocaine. Before giving the case to the jury the judge referred to this evidence in an instruction stating:

> As you know from counsel's argument, one of the issues in the case is whether the defendant did or did not have the intent to deliver or to distribute. In making this determination, you must consider all of the facts and circumstances surrounding the case. You may consider as indicating the presence or absence of an intent to distribute, a quantity and purity of the controlled substance, the presence or absence of any other competent evidence indicating the purpose, motive or use to be put the controlled substance, which was possessed.

Defendant's counsel did not object to this instruction at trial, and the jury returned with a verdict of guilty.

On this appeal the defendant urges reversal on the following grounds:

1. That the defendant's rights under the Double Jeopardy Clause of the Fifth Amendment were violated by a second trial.

2. That the jury instruction concerning the quantity and purity of cocaine was not supported by the evidence and therefore constitutes plain error.

3. That the defendant did not receive effective representation of counsel at his trial.

We find the defendant's argument to be lacking in merit and affirm the conviction below.

I.

The defendant has advanced two arguments in support of his double jeopardy claim: First, that the mistrial was declared by the court *sua sponte* without manifest necessity, thus depriving the defendant of primary control over the course to be followed at trial. Second, that the mistrial was the result of judicial or prosecutorial overreaching.

■ In response to the first argument, we cannot agree that the mistrial was declared by the trial judge *sua sponte*. It is true that the judge expressed his disapproval of the stricken testimony, but the mistrial was declared upon the express motion of defense counsel, not the independent initiative of the court. As the plurality opinion noted in *United States v. Jorn,* 400 U.S. 470, 485, 91 S.Ct. 547, 557, 27 L.Ed.2d 543, "a motion by the defendant for mistrial is ordinarily assumed to remove any barrier to reprosecution, even if the defendant's motion is necessitated by prosecutorial or judicial error." (Footnote omitted). *See also, United States v. Tateo,* 377 U.S. 463, 467, 84 S.Ct. 1587, 12 L.Ed.2d 448.

Moreover, even in situations where the mistrial results from more substantial judicial intervention, the highest degree of respect attaches to the trial judge's evaluation of the likelihood that an improper comment may have affected the impartiality of the jury. *Arizona v. Washington*, 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed.2d 717. From the record in this case it is clear that the trial judge may reasonably have concluded that the agent's testimony was sufficiently prejudicial to warrant the declaration of a mistrial, and he may properly have intimated such to counsel without thereby cutting off the possibility of further prosecution by virtue of the double jeopardy bar.

■ The defendant's claim of overreaching is likewise unpersuasive. The Double Jeopardy Clause does protect a defendant against judicial or prosecutorial actions which are calculated to provoke mistrial requests in order to harass the accused by repeated prosecutions or to afford the prosecution a more favorable opportunity to convict the defendant. *United States v. Dinitz*, 424 U.S. 600, 611, 96 S.Ct. 1075, 47 L.Ed.2d 267. Not every prosecutorial impropriety raises the double jeopardy bar, however, as was explained in *Divans v. California*, 434 U.S. 1303, 98 S.Ct. 1, 54 L.Ed.2d 14 (Rehnquist, J. as Circuit Justice):

> Any order granting a mistrial at the behest of a defendant in a criminal case is typically based upon error or misconduct on the part of other counsel or the court. In order to elevate such a typical order into one which could form the basis of a claim of double jeopardy, it must be shown not only that there was error, which is the common predicate to all such orders, but that such error was committed by the prosecution or by the court for the purpose of forcing the defendant to move for a mistrial.

*See also, United States v. Dinitz, supra; United States v. Jorn, supra*, 400 U.S. at 484–485, 91 S.Ct. 547.

■ We are not convinced that the objectionable testimony here in question was the product of a governmental scheme intentionally calculated to trigger the declaration of a mistrial. The Assistant United States Attorney admitted freely that he knew in advance what the agent's testimony would be, but reasonably argues that the characterization of the defendant as a "major trafficker" was supported by the evidence. In support of this position he cites the amount and value of the drugs negotiated for with the defendant, which he asserts is enough to warrant such a designation. Also, the colloquy between the trial judge and counsel following the mistrial declaration reveals that the prosecutor made repeated and vigorous attempts on various grounds to justify his position. The second trial was held the day immediately following that on which the first trial was aborted, and while the prosecution altered its tactics somewhat in the second trial, there is no substantive indication that the government's case was materially strengthened by the delay. Without ruling on the propriety of the challenged testimony, we hold only that the defendant has not made a sufficient showing of bad faith to warrant invocation of the Double Jeopardy Clause. The defendant has at most shown that the mistrial was necessitated by prosecutorial error, which induced prejudicial testimony. This in itself is insufficient to bar a second trial, particularly where as here the mistrial was ordered to protect the interests of the defendant himself. *United States v. Buzzard*, 10 Cir., 540 F.2d 1383, *cert. denied*, 429 U.S. 1072, 97 S.Ct. 809, 50 L.Ed.2d 790. We therefore conclude that the second trial of the defendant was not barred by his former jeopardy.

## II.

■ The defendant argues that the trial judge committed plain error by instructing the jury that it could consider the quantity and purity of the controlled substance in determining whether the defendant had the intent to deliver or to distribute. The defendant asserts that the jury was thereby told to consider matters not in evidence, since they were not given an explanation of the significance of the quantity or purity of

the cocaine found in defendant's possession. There was testimony, however, that the bags of powder introduced in evidence by the prosecution were those taken from the defendant at the time of his arrest, and the parties stipulated that they "contained 448.-12 grams of powder, 79 percent pure cocaine, naturally occurring in the cocoa leaf, and that was computed down to 353.1 grams of pure cocaine." There was also testimony that the defendant had offered to sell the cocaine for $29,000 which indicates that this represented a substantial quantity of the drug. The jury may reasonably have concluded from this evidence that the defendant possessed a greater quantity of the controlled substance than he would have for his own use. *United States v. Ortiz,* 10 Cir., 445 F.2d 1100, *cert. denied,* 404 U.S. 993, 92 S.Ct. 541, 30 L.Ed.2d 545. The instruction permitting the jury to consider the quantity and purity of the controlled substance in considering intent to distribute was therefore supported by the evidence and was not plainly erroneous.

### III.

The defendant lastly asserts a claim for a new trial based on ineffective assistance of counsel. The defendant cites trial counsel's failure to file a motion to dismiss the indictment based on the Double Jeopardy Clause as the "most glaring example" of lack of effective assistance. In light of our preceding discussion we cannot say that this failure deprived the defendant of effective representation. The defendant's other retrospective criticisms of trial counsel as well do not reach the level of deprivation of the constitutional right to adequate assistance of counsel. One who claims such a deprivation faces a heavy burden. Adequacy of legal representation is measured neither by hindsight nor success. *Ellis v. State of Oklahoma,* 10 Cir., 430 F.2d 1352, 1356, *cert. denied,* 401 U.S. 1010, 91 S.Ct. 1260, 28 L.Ed.2d 546. The standard of adequacy of counsel in this circuit is that a defendant will be considered to have had adequate counsel unless counsel's representation at trial was of such a substandard level as to render the trial a mockery of

justice and a sham. *United States v. Shields,* 10 Cir., 573 F.2d 18, 24. While the defendant and appellate counsel may criticize the advisability of some tactics employed by trial counsel, we do not agree that the trial counsel's representation was such as to meet this test.

We affirm.