**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Juan G. RIOS, Defendant–Appellant.**

**No. 80–1406.**

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted July 10, 1980.

Decided Nov. 14, 1980.

Rehearing Denied Jan. 12, 1980.

Mark C. Dow of Clayburgh, Ashby, Rose & Paskind, Albuquerque, N. M., for defendant–appellant.

James F. Blackmer, Asst. U. S. Atty., Albuquerque, N. M. (R. E. Thompson, U. S. Atty., Albuquerque, N. M., with him, on brief), for plaintiff–appellee.

Before SETH, Chief Judge, and HOLLOWAY and McKAY, Circuit Judges.

SETH, Chief Judge.

This *Abney* appeal is taken from denial of a motion to bar retrial based on the double jeopardy clause of the Fifth Amendment. The only issue is whether the prosecutor's behavior during the first trial constituted deliberate misconduct intended to provoke a mistrial motion and whether the double jeopardy clause is thus invoked to bar retrial. *See United States v. Dinitz*, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267. Defendant Rios at his first trial was convicted by a jury of possession of heroin with intent to distribute. Defense counsel moved for a mistrial after the prosecution's closing argument urging that improper remarks had prejudiced the defendant. The motion was denied. We reversed the conviction in *United States v. Rios*, 611 F.2d 1335 (10th Cir.), because prosecutorial misconduct prevented a fair trial.

Defendant moved at his second trial to bar retrial based on double jeopardy. An

evidentiary hearing was held on the issue, and the motion was denied. This appeal followed.

This case is somewhat different from the *Dinitz* line of cases in which prosecutorial misconduct actually caused a mistrial to be granted in the trial court. Here, the mistrial motion was denied. The same procedural situation was however presented to the Pennsylvania Supreme Court in *Commonwealth v. Potter*, 478 Pa. 251, 386 A.2d 918. *See also* the comment, *The Double Jeopardy Clause and Mistrials Granted on Defendant's Motion: What Kind of Prosecutorial Misconduct Precludes Reprosecution?* 18 Duquesne L.Rev. 103 (1979). Although equally divided on the final judgment, the majority of the justices in *Potter* concluded that reversal of a conviction for prosecutorial misconduct after a mistrial has been denied should be treated the same for purposes of double jeopardy analysis as if the mistrial had been granted in the first instance, and said:

> "As we have noted, appellant's mistrial motions during the course of the second trial were denied, but were later deemed meritorious by the court en banc, with the result that a new trial was awarded. The question then arises whether the fact that a new trial was the result of a decision by a reviewing court rather than the declaration of a mistrial by the trial judge requires that the exceptions to the *Ball* principle cannot be considered. We think not; a distinction between granting a new trial at the urging of a defendant and ordering a mistrial at his request is without significance for double jeopardy purposes. Recent cases in the Supreme Court of the United States have emphasized that in the field of federal criminal practice the applicability of double jeopardy analysis is not dependent on nice procedural distinctions."

■ We conclude that double jeopardy considerations applicable after a mistrial has been granted are indeed applicable in the same manner when prosecutorial misconduct requires reversal of a conviction for lack of a fair trial after a mistrial motion

has been denied. We have dealt with the standard for retrial after a mistrial is caused by prosecutorial misconduct in *United States v. Leonard*, 593 F.2d 951, 954 (10th Cir.). We there stated:

> "The Double Jeopardy Clause does protect a defendant against governmental actions intended to provoke mistrial requests and thereby to subject defendants to the substantial burdens imposed by multiple prosecutions. It bars retrials where 'bad–faith conduct by judge or prosecutor,' *United States v. Jorn, supra*, at [400 U.S. 470] 485, [91 S.Ct. 547 at 557, 27 L.Ed.2d 543] threatens the '[h]arassment of an accused by successive prosecutions or declaration of a mistrial so as to afford the prosecution a more favorable opportunity to convict' the defendant."

*See also* our *United States v. Brooks*, 599 F.2d 943, 945 (10th Cir.):

> "In *Dinitz*, the Supreme Court held that a request by a defendant for a mistrial ordinarily removes any barrier to his re-prosecution, even if the request is prompted by prosecutorial or judicial error. Under *Dinitz*, the only exception to the general rule is where bad faith conduct by the judge or prosecutor threatens harassment of an accused by successive prosecution so as to afford the prosecution a more favorable opportunity to convict."

*Accord, United States v. Clayborne*, 584 F.2d 346 (10th Cir.); *United States v. Nelson*, 582 F.2d 1246 (10th Cir.); *United States v. Rumpf*, 576 F.2d 818 (10th Cir.); *United States v. Buzzard*, 540 F.2d 1383 (10th Cir.).

■ Thus " '[t]he Double Jeopardy Clause does protect a defendant against governmental actions intended to provoke mistrial requests and thereby to subject defendants to the substantial burdens imposed by multiple prosecutions.' " *United States v. Scott*, 437 U.S. 82, 94, 98 S.Ct. 2187, 2195, 57 L.Ed.2d 65, citing *United States v. Dinitz*, 424 U.S. at 611, 96 S.Ct. at 1081.

■ Under this standard, retrial is allowable here because the record demonstrates that the prosecutor did not intend to cause

a mistrial request to further the chances of conviction. The trial court so found. At the hearing on the motion to bar reprosecution, the prosecutor testified that he definitely did not want to retry the case for several reasons.

The trial court found no action by the prosecution was intended to cause a mistrial, and the evidence supports this finding. Although such prosecutorial misconduct is not to be condoned, "bad faith in the abstract does not help the defendant in any event. It must be bad faith, the impact of which provokes a mistrial request." *United States v. Leonard*, 593 F.2d 951, 954 (10th Cir.).

We cannot conclude under the circumstances revealed in the record that provoking a mistrial request was a motive of the prosecutor. The record instead indicates that a very strong case had been made against the defendant, that government witnesses might not be again available, and that no purpose would have been served by forcing a mistrial in order to enhance the prosecution's opportunity for conviction at another trial.

AFFIRMED.

McKAY, Circuit Judge, dissenting:

In *Lee v. United States*, 432 U.S. 23, 97 S.Ct. 2141, 52 L.Ed.2d 80 (1977), the Supreme Court characterized the rule laid down in *United States v. Dinitz*, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976), as follows: "[T]here was no double jeopardy barrier to petitioner's retrial unless the judicial or prosecutorial error that prompted petitioner's motion was 'intended to provoke' the motion *or was otherwise 'motivated by bad faith or undertaken to harass or prejudice' petitioner.*" 432 U.S. at 33–34, 97 S.Ct. at 2147 (quoting *United States v. Dinitz*, 424 U.S. at 611, 96 S.Ct. at 1081) (emphasis added).

The Court's failure to find a double jeopardy violation in *Lee* was based on the majority's conclusion that the prosecution's conduct did not evidence bad faith. That element has been supplied here by our own decision in the previous appeal of this case,

*United States v. Rios*, 611 F.2d 1335 (10th Cir. 1979). There we effectively held that the prosecutor's comments constituted gross prosecutorial misconduct:

The effect of these assertions before the jury was that defense counsel's investigator was clearly charged with contriving the defense testimony, with no factual basis to justify such a serious charge. Similar comments have been condemned by this court recently in *United States v. Siviglia*, No. 76–1914 (10th Cir. 6/5/78) (unpublished). There counsel argued that a witness had lied because defense counsel had told him to do so. We emphatically stated (slip op. 33–34):

We hold and conclude that the prosecutor's comments constituted gross prosecutorial misconduct requiring reversal of Siviglia's conviction . . . .

. . . . .

Second, there were remarks clearly directed at the appellant in the closing rebuttal, drawing an inference that appellant had threatened the safety of the Vega brothers who were testifying against him. There was no evidence linking the appellant to any such threats to the Vegas and the innuendo was unfounded and unfair. . . .

. . . .

Third, there was a strong statement of the prosecuting attorney's conclusion that the appellant was a large dealer in heroin. . . .

We must agree that the effect of this rebuttal argument was to impress the jury with the prosecuting attorney's personal conclusion that the appellant was guilty. Such remarks expressing the personal opinion of the prosecuting attorney have been emphatically disapproved. . . .

. . . . .

. . . In such a case, with so much riding on the credibility of the appellant, and in view of the errors discussed, we must hold that the prosecutorial misconduct was prejudicial error which denied appellant a fair trial.

*United States v. Rios*, 611 F.2d 1335, 1342–43 (10th Cir. 1979) (footnotes and citations omitted). Such conduct is, in my opinion, tantamount to bad faith.

To suggest that the double jeopardy clause is not violated unless the defendant can show (presumably only through the prosecutor's confession) that the subjective purpose of the prosecutor was to obtain a mistrial invites the prosecution to go as far as it wishes, knowing that the only sanction it faces is a new trial. Such a conclusion offends the spirit of *Dinitz* and *Lee* and the requirements of the double jeopardy clause. Any suggestion to the contrary in our previous cases, *see United States v. Leonard*, 593 F.2d 951 (10th Cir. 1979), should not be followed.