**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Gregory Phillip ROBUCK, Defendant-Appellant.**

No. 81–2157.

United States Court of Appeals, Tenth Circuit.

Oct. 8, 1982.

William G. Pharo, Asst. U. S. Atty., Greeley, Colo. (Robert N. Miller, U. S. Atty., Denver, Colo., with him on the brief), for plaintiff-appellee.

Donald A. Brenner, Denver, Colo., for defendant-appellant.

Before SETH, Chief Judge, and HOLLOWAY and BARRETT, Circuit Judges.

BARRETT, Circuit Judge.

Gregory Phillip Robuck appeals an order, entered by the United States District Court for the District of Colorado, denying his motion to dismiss an indictment against him pursuant to the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.[1]

Robuck was tried before a jury for bank larceny in violation of 18 U.S.C.A. §§ 2 and 2113(b) on July 14, 1981. The case was submitted to the jury on July 15. After several hours of deliberation, the jury indicated to the court its inability to reach a verdict. Upon defendant's motion, the court declared a mistrial.

1. The Fifth Amendment to the United States Constitution provides: "No person shall ... be subject for the same offence to be twice put in jeopardy of life or limb ...."

On August 24, 1981, after the trial, defendant filed a motion to dismiss the indictment claiming that reprosecution of his case was barred by the Double Jeopardy Clause, due to prosecutorial misconduct. The court found that, although the prosecutor had acted improperly, her conduct was not intended to gain an unfair advantage. Consequently, the court denied the motion.

On appeal Robuck reasserts the contention that his reprosecution is barred by the Double Jeopardy Clause.

The district court's denial of a motion to dismiss an indictment on double jeopardy grounds is a final decision within the meaning of 28 U.S.C.A. § 1291[2], and thus is properly before us for review. *Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977).

In reviewing cases involving double jeopardy considerations, the courts have distinguished between situations when the trial was terminated by the court *sua sponte* and situations when the trial was terminated at the defendant's request. When the trial is terminated by the court, double jeopardy bars reprosecution of the case unless there was "manifest necessity" for the dismissal. *Oregon v. Kennedy,* —— U.S. ——, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982); *Arizona v. Washington,* 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978); *United States v. Dinitz,* 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976); *United States v. Jorn,* 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971). The prototypical example of this situation is when the trial court declares a mistrial after the jury is unable to reach a verdict. *United States v. Perez,* 9 Wheat. 579, 6 L.Ed. 165 (1824). When a mistrial is declared at the defendant's request, however, double jeopardy does not bar a new trial unless the prosecutor's conduct was intended to provoke defendant's motion. *Oregon v. Kennedy, supra; United States v. Martinez,* 667 F.2d 886 (10th Cir. 1981); *United States v. Pollack,* 640 F.2d 1152 (10th Cir. 1981); *United States v. Rios,* 637 F.2d 728 (10th Cir. 1980), *cert. denied,* 452 U.S. 918,

101 S.Ct. 3054, 69 L.Ed.2d 422 (1981); *United States v. Leonard,* 593 F.2d 951 (10th Cir. 1979); *United States v. Nelson,* 582 F.2d 1246 (10th Cir. 1978), *cert. denied,* 439 U.S. 1079, 99 S.Ct. 860, 59 L.Ed.2d 49 (1979).

In the present case, the court, on its own volition, suggested to defense counsel during trial that the prosecutor's conduct might be sufficient to warrant a mistrial and to bar retrial under the Double Jeopardy Clause. Defendant failed to make a formal motion, however, and the case was submitted to the jury. When the jury was unable to reach a verdict, defendant moved for and was granted a mistrial based upon the hung jury. Before granting the motion, the court stated that the mistrial in no way constituted a waiver of defendant's right later to raise double jeopardy as a bar to reprosecution due to prosecutorial misconduct. The motion to dismiss was made at defendant's request and for reasons other than prosecutorial misconduct, which ordinarily would defeat defendant's double jeopardy claim. In light of the trial court's suggestions to counsel, however, defendant will not be deprived of his opportunity to raise the double jeopardy contention.

Whether the prosecutor's conduct was so flagrant as to be tantamount to intentionally provoking defendant into seeking a mistrial was considered and rejected by the trial court. That decision will not be overturned unless it appears that the trial court's decision is not supported by the record. *United States v. Leonard, supra; United States v. Green,* 636 F.2d 925 (4th Cir. 1980).

There is no question that the prosecutor's actions during trial were improper and unbecoming an assistant United States attorney. On several occasions while presenting the government's case, the prosecutor attempted to read into the record testimony given before the grand jury. Moreover, on direct examination, the prosecutor attempted to bolster the credibility of a theretofore unimpeached witness. Finally, while questioning the FBI agent who had investigated

---

2. 28 U.S.C.A. § 1291 provides: "The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States ...."

the case, the prosecutor asked if he was certain who had committed the larceny.

In ruling on the motion to dismiss, the trial court found that, although there assuredly was misconduct, the prosecutor's actions did not constitute intentional conduct such that double jeopardy would apply. We agree with the trial court's finding. The record reveals no evidence that the prosecutor intended to provoke defendant into moving for a mistrial; thus, it supports the court's finding that double jeopardy should not attach.

WE AFFIRM.