COMMONWEALTH vs. DARRELL L. MURCHISON.

Suffolk.    March 6, 1984. — June 21, 1984.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & LYNCH, JJ.

*Practice, Criminal,* Mistrial, Dismissal, Conduct of prosecutor. *Constitutional Law,* Double jeopardy.

Where the judge at a criminal trial allowed the defendant's motion for a mistrial based on prosecutorial misconduct and thereafter allowed his motion to dismiss the complaint, this court, on appeal by the Commonwealth, remanded the case for further proceedings to determine whether dismissal was required on double jeopardy grounds under principles later established in *Commonwealth* v. *Lam Hue To,* 391 Mass. 301 (1984). [276]

COMPLAINT received and sworn to in the Boston Municipal Court Department on July 30, 1982.

On appeal to the jury session, motions for a mistrial and for dismissal of the complaint were heard by *Glynn,* J.

After review was sought in the Appeals Court, the Supreme Judicial Court ordered direct appellate review on its own initiative.

*Michael J. Traft,* Assistant District Attorney, for the Commonwealth.

*John E. Riley* of New Jersey (*Robert L. Sheketoff* with him) for the defendant.

HENNESSEY, C.J. The Commonwealth's appeal in this case brings before us the issue whether it was error for a judge of the Boston Municipal Court to dismiss a criminal complaint, on the motion of the defendant, after the judge had allowed the defendant's motion for a mistrial because of prosecutorial misconduct during the trial. We remand the case to the trial judge for further findings and rulings, in light of our holdings in *Commonwealth* v. *Lam Hue To,* 391 Mass. 301 (1984), which was decided on a date after the judge's rulings in the instant case.

The defendant was tried before a jury of six in the Boston Municipal Court on a complaint for unlawfully carrying a firearm. During the trial, the defendant moved for a mistrial based on the prosecutor's conduct. The trial judge allowed the case to proceed, stating that he would act on the motion after the case went to the jury. The jury returned a guilty verdict, and the defendant renewed his motion for mistrial. The motion was allowed. Subsequently, the defendant filed a motion to dismiss the complaint, which the judge allowed after hearings. The Commonwealth appealed to the Appeals Court, and we transferred the case to this court on our own motion.

We summarize the findings of the judge relative to the mistrial and the dismissal of the complaint. The defendant Murchison had been arrested with another defendant, one McElroy, and charged with violations of G. L. c. 269, § 10 (*a*), for carrying a firearm without a license to do so. Both defendants waived their right to an initial jury trial. McElroy was found not guilty, and the defendant Murchison appealed for a trial de novo before a jury of six in the Boston Municipal Court.

At the jury trial evidence was presented that the two men were seen on the night of July 30, 1982, walking on Back Street, Boston, which parallels Storrow Drive. A chain link fence separates a grassy area between Back Street and Storrow Drive. There was testimony that the two men jumped the fence and while approaching the area where the police were, the defendant Murchison was observed making a throwing gesture. The two police officers stopped the two men and one of the officers went to the area where the throwing gesture was made and found a firearm. Both defendants were arrested. During the jury trial there was reference to the other defendant, McElroy, and his conduct, both in direct and cross-examination. Inasmuch as there had been reference to McElroy, the judge allowed inquiry about McElroy but, at lengthy side bar conferences, instructed the prosecutor not to reveal the outcome of the bench trial of the defendant Murchison.

After inquiring of the witness (a police officer) as to the outcome of the McElroy case, the prosecutor asked the question, "[W]as McElroy tried with someone else?" The judge ex-

cluded the question and instructed the jury to disregard the question. The jury were excused and the counsel for the defendant filed a motion for mistrial. The following day, after conference with the district attorney and defense counsel, the judge took the motion for mistrial under advisement and allowed the case to proceed, preserving the right of defense counsel to renew his motion for mistrial after the jury verdict. The jury returned a verdict of guilty and the judge set aside the verdict on his own motion and allowed the defendant's renewed motion for a mistrial. The defendant, through his counsel, filed a motion to dismiss the complaint.

After hearings on the motion to dismiss, the judge found that both defense counsel and the district attorney had copies of the bench trial transcript available to them during the jury trial, and that the district attorney undoubtedly knew that the defendant McElroy had been tried with Murchison at the bench trial and found not guilty; that the inquiry made by the district attorney as to whether McElroy was tried with someone else was highly prejudicial; that the form of the question clearly indicated the answer; and that no instruction to the jury could cure the implications of the highly prejudicial question. The judge found that the prosecutor's conduct in her final inquiry grossly overreached the limitations of inquiry that the judge placed on her; that the defendant had properly raised the issue of double jeopardy; and that the defendant should not be subjected to reprosecution. The judge allowed the motion to dismiss the complaint.

We deal first with the Commonwealth's argument that, because the judge did not declare a mistrial until after the jury verdict, double jeopardy principles are not implicated. We perceive no merit in this argument, at least in the circumstances of this case. See *United States* v. *Rios,* 637 F.2d 728, 729 (10th Cir. 1980), cert. denied, 452 U.S. 918 (1981). It was possible that the jury would return a verdict of not guilty. The judge's decision to defer action on the defendant's motion for a mistrial until after the verdict was one of fairness and common sense.

No argument is advanced, and indeed no serious argument could be advanced, that the judge was not warranted in ordering a mistrial. The single issue before us is whether dismissal of the complaint was appropriate.

We think that the principles established in *Commonwealth v. Lam Hue To,* 391 Mass. 301 (1984), which was decided after the judge ruled in the instant case, are controlling. In *Lam Hue To* we stated that usually a mistrial granted upon the defendant's request does not present a bar to retrial on double jeopardy grounds. *Id.* at 310. To implicate double jeopardy protections, and support a dismissal of the indictment or complaint, prosecutorial misconduct must be of a specific character: (1) Where the governmental conduct in question is intended to goad the defendant into moving for a mistrial, *id.* at 311, quoting *Oregon* v. *Kennedy,* 456 U.S. 667, 676 (1982); or (2) Where the governmental conduct resulted in such irremediable harm that a fair trial of the complaint or indictment is no longer possible, *id.* at 312-313.

The judge in his findings and rulings did not deal with the two prongs established in *Lam Hue To.* This is understandable since *Lam Hue To* postdated the instant case. Accordingly, we remand the case to the judge for further findings and rulings determining whether the dismissal of the complaint is warranted under either of the dual principles of *Lam Hue To.*

*So ordered.*