[No. 20169–7–I.   Division One.   January 8, 1988.]

THE STATE OF WASHINGTON, *Respondent,* v. CORYDAN COCHRAN, *Appellant.*

*James E. Lobsenz* and *Wolfe & Cullen*, for appellant.

*David S. McEachran, Prosecuting Attorney*, and *Randall J. Watts, Deputy*, for respondent.

WEBSTER, J.—Corydan Cochran appeals the denial of his motion to dismiss pursuant to CrR 8.3(b) and contends that his right against double jeopardy precludes retrial. We affirm.

### FACTS

Cochran appealed his conviction of first degree rape and first degree burglary in a personal restraint petition (PRP). One of the issues raised in the PRP was prosecutorial suppression of exculpatory evidence. The Court of Appeals, Division One, considered the matter, then remanded the PRP to Whatcom County Superior Court for a decision on the merits.

On remand, the parties stipulated that the prosecution had knowingly and intentionally withheld from Cochran's attorney and the appellate court the material, relevant and exculpatory fact that the witness had seen a photo of Cochran prior to her in–court identification of him. Detective Kuehnel was the only individual who knew of the photo incident; he suppressed the evidence prior to the jury's verdict. The prosecutor did not learn of the incident until sometime after the verdict had been entered. The parties also stipulated that the witness's credibility was affected, undermined and called into question by the information which the State intentionally withheld. Based upon these stipulated facts, the Superior Court vacated the judgment and sentence and granted a new trial. The court refused, however, to dismiss the charges with prejudice.

UNITED STATES CONSTITUTION: DOUBLE JEOPARDY

Cochran seeks relief from reprosecution under the proscriptions of the double jeopardy provisions of the United States and the Washington State Constitutions. We first address Cochran's claim under the United States Constitution.

Where a conviction is reversed on appeal, reprosecution is generally permissible. *United States v. Tateo,* 377 U.S. 463, 12 L. Ed. 2d 448, 84 S. Ct. 1587 (1964); *State v. Anderson,* 96 Wn.2d 739, 638 P.2d 1205, *cert. denied,* 459 U.S. 842 (1982). A bar against retrial is appropriate, however, where prosecutorial misconduct is intended to provoke a request for mistrial. *Oregon v. Kennedy,* 456 U.S. 667, 72 L. Ed. 2d 416, 102 S. Ct. 2083 (1982). Although this rule generally applies to mistrials, this exception should apply with equal weight to appellate reversals resulting from prosecutorial misconduct. *See United States v. Singer,* 785 F.2d 228, 239 (8th Cir.), *cert. denied,* 107 S. Ct. 273 (1986); *United States v. Opager,* 616 F.2d 231, 236 (5th Cir. 1980). "The right of a criminal defendant not to be twice placed in jeopardy should not hang on which court correctly determines that misconduct infected the trial."

*Singer,* at 239. *See Robinson v. Wade,* 686 F.2d 298, 307 (5th Cir. 1982); *United States v. Curtis,* 683 F.2d 769, 774 (3d Cir.), *cert. denied,* 459 U.S. 1018 (1982).

The reprosecution exception for prosecutorial misconduct is well established. *See United States v. Jorn,* 400 U.S. 470, 27 L. Ed. 2d 543, 91 S. Ct. 547 (1971). The definition of prosecutorial misconduct, however, has been the source of much confusion. In *United States v. Dinitz,* 424 U.S. 600, 611, 47 L. Ed. 2d 267, 96 S. Ct. 1075 (1976), the Supreme Court articulated the reprosecution exception under double jeopardy in terms of government actions which tend to provoke mistrial requests. The Court then articulated a more lenient exception

> where "bad faith conduct by [the] judge or prosecutor," threatens the "[h]arassment of an accused by successive prosecutions or declaration of a mistrial so as to afford the prosecution a more favorable opportunity to convict" the defendant.

(Citation omitted.) *Dinitz,* at 611.

Six years later, the Supreme Court clarified the standard in *Oregon v. Kennedy, supra.* "Only where the governmental conduct in question is intended to 'goad' the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion." *Kennedy,* at 676. This standard merely calls for the court to make a finding of fact by inferring the existence or nonexistence of intent from objective facts and circumstances. *Kennedy,* at 675. By contrast, the Supreme Court stated that the broader "bad faith conduct" or "harassment" standard offers little criteria for its application because "[e]very act on the part of a rational prosecutor during a trial is designed to 'prejudice' the defendant by placing before the judge or jury evidence leading to a finding of his guilt." *Kennedy,* at 674. The Court, in explaining why the broader standard should be rejected, stated:

> Knowing that the granting of the defendant's motion for mistrial would all but inevitably bring with it an attempt

to bar a second trial on grounds of double jeopardy, the judge presiding over the first trial might well be more loath to grant a defendant's motion for mistrial.

*Kennedy,* at 676.[1]

Although onerous, the standard for determining prosecutorial misconduct in light of *Kennedy* is clear. In order to invoke the protections of the double jeopardy clause, Cochran must show that prosecutorial misconduct was committed with the intent to provoke or goad a mistrial request. *Kennedy,* at 676. A determination of whether certain actions constitute intentional misconduct is a finding of fact which will not be disturbed unless it is clearly erroneous. *Robinson,* at 309.

In the case sub judice, suppression of exculpatory evidence by the State was discussed at the remand hearing. The court ordered a new trial because disclosure of the exculpatory evidence cast reasonable doubt on the outcome of the trial. The court did not, however, find any evidence of deliberate or intentional prosecutorial misconduct regarding the trial itself. Because the prosecutor did not intend to goad Cochran into moving for a mistrial, the standard enunciated in *Kennedy* is not met.

Cochran further argues that the court failed to impute the actions of Detective Kuehnel to the prosecutor at the time of the original trial. Assuming arguendo that such conduct had been imputed, it is not misconduct of sufficient magnitude that a double jeopardy bar to retrial would be triggered. Even if the withholding of information had

---

[1]In a concurring opinion written by Justice Stevens, four of the Justices disagreed with the Court's reasoning in *Kennedy*. Stevens observed: "It is almost inconceivable that a defendant could prove that the prosecutor's deliberate misconduct was motivated by an intent to provoke a mistrial instead of an intent simply to prejudice the defendant." (Footnotes omitted.) *Kennedy,* at 688 (Stevens, J., concurring). "It is far more likely that . . . the Government engages in misconduct with the general purpose of prejudicing the defendant." *Kennedy,* at 688 n.24. Moreover, Stevens stated that the exception should be invoked when a court is convinced that "egregious prosecutorial misconduct has rendered unmeaningful the defendant's choice to continue or to abort the proceeding." *Kennedy,* at 689.

been grounds for a mistrial, the prosecution did not act in a manner calculated to provoke or goad Cochran into requesting a mistrial. Thus, the *Kennedy* standard remains unsatisfied.

### WASHINGTON STATE'S CONSTITUTION: DOUBLE JEOPARDY

Application of double jeopardy protections against reprosecution under these circumstances is an issue of first impression in the state of Washington. In *State v. Gunwall,* 106 Wn.2d 54, 720 P.2d 808 (1986), "nonexclusive neutral criteria" were used to determine whether the Washington State Constitution should be interpreted more broadly than rights granted to citizens under the United States Constitution. These criteria include: "(1) the textual language; (2) differences in the texts; (3) constitutional history; (4) pre-existing state law; (5) structural differences; and (6) matters of particular state or local concern." *Gunwall,* at 58; *see State v. Boyce,* 44 Wn. App. 724, 728, 723 P.2d 28 (1986). Generally, where language of the federal and state constitutions is similar, the interpretation give by the United States Supreme Court is applied to the state provision. *Pasco v. Mace,* 98 Wn.2d 87, 96, 653 P.2d 618 (1982). *See State v. Davis,* 38 Wn. App. 600, 604, 686 P.2d 1143 (1984) (because the state due process clause is virtually identical to the federal due process clause, federal cases are entitled to great weight but do not control).

The language of the federal and state constitutions regarding double jeopardy is virtually identical. The fifth amendment to the United States Constitution provides that "[no person shall] be subject for the same offense to be twice put in jeopardy of life or limb". Washington's State Constitution, article 1, section 9 provides "[no person shall] be twice put in jeopardy for the same offense." Both provisions protect the same interests. *See State v. Dykstra,* 33 Wn. App. 648, 650, 656 P.2d 1137 (1983).

The *Kennedy* standard for prosecutorial misconduct has been followed in the majority of circuits. *See United States v. Sanchez,* 806 F.2d 7 (1st Cir. 1986), *cert. denied,* 107 S.

Ct. 1383 (1987); *United States v. Wentz,* 800 F.2d 1325 (4th Cir. 1986); *United States v. Singer,* 785 F.2d 228 (8th Cir.), *cert. denied,* 107 S. Ct. 27 (1986); *United States v. Thomas,* 728 F.2d 313 (6th Cir. 1984); *Robinson v. Wade,* 686 F.2d 298 (5th Cir. 1982); *United States v. Curtis,* 683 F.2d 769 (3d Cir.), *cert. denied,* 459 U.S. 1018 (1982); *United States v. Robuck,* 690 F.2d 794 (10th Cir. 1982); *United States v. Mitchell,* 572 F. Supp. 709 (N.D. Cal. 1983), *aff'd,* 736 F.2d 1299 (9th Cir. 1984), *cert. denied,* 474 U.S. 830 (1985). However, some state courts have adopted a standard which is more protective of defendants' rights. In *State v. Kennedy,* 295 Or. 260, 276, 666 P.2d 1316, 1326 (1983), the court held that reprosecution is barred where

> improper official conduct is so prejudicial to the defendant that it cannot be cured by means short of a mistrial, and if the official knows that the conduct is improper and prejudicial and either intends or is indifferent to the resulting mistrial or reversal.

*Accord, Pool v. Superior Court,* 139 Ariz. 98, 677 P.2d 261, 268 (1984) (similar to Oregon's standard); *Commonwealth v. Murchison,* 392 Mass. 273, 276, 465 N.E.2d 256, 258 (1984) (reprosecution is prohibited where prosecutorial misconduct either meets the *Oregon v. Kennedy* standard or "[w]here the governmental conduct resulted in such irremediable harm that a fair trial . . . is no longer possible").

We decline to join those jurisdictions that have adopted a lower standard. Because the language and purpose of the federal and state provisions for double jeopardy are so similar, we will not deviate from the *Kennedy* standard enunciated by the Supreme Court. The State's delay in bringing the detective's misconduct to the attention of the court is inexcusable; however, it does not meet the standard articulated in *Kennedy.*

## CrR 8.3(b)

■ Cochran claims the trial court erred in denying his motion to dismiss pursuant to CrR 8.3(b). That provision states:

The court on its own motion in the furtherance of justice, after notice and hearing, may dismiss any criminal prosecution and shall set forth its reasons in a written order.

CrR 8.3(b). In reviewing the trial court's decision we are faced with the question of whether the findings of fact support the conclusion of law. *Thomas v. Ruddell Lease–Sales, Inc.*, 43 Wn. App. 208, 212, 716 P.2d 911 (1986). The trial court's power to dismiss is discretionary and may be reviewed solely for manifest abuse of discretion. *State v. Laureano*, 101 Wn.2d 745, 762, 682 P.2d 889 (1984); *State v. Dailey*, 93 Wn.2d 454, 456, 610 P.2d 357 (1980); *State v. Burri*, 87 Wn.2d 175, 550 P.2d 507 (1976); *State v. Sulgrove*, 19 Wn. App. 860, 578 P.2d 74 (1978).

In order to dismiss pursuant to CrR 8.3(b), there must be a showing of governmental misconduct or arbitrary action. *Laureano*, at 762; *State v. Whitney*, 96 Wn.2d 578, 637 P.2d 956 (1981); *State v. Stephans*, 47 Wn. App. 600, 603, 736 P.2d 302 (1987); *Sulgrove*, at 863. The required misconduct need not be evil, venal or dishonest; simple mismanagement is sufficient. *Laureano*, at 762; *Dailey*, at 457; *Sulgrove*, at 863. *See Stephans*, at 600, 603 (where witnesses were encouraged by the State to disobey a court order, where there was no indication that the State would ever be ready for trial, and where no remedy would have served the interests of justice short of dismissal).

The court in *State v. Baker*, 78 Wn.2d 327, 332–33, 474 P.2d 254 (1970) held:

Dismissal of charges is an extraordinary remedy. It is available only when there has been prejudice to the rights of the accused which materially affected the rights of the accused to a fair trial and that prejudice cannot be remedied by granting a new trial.

*See Laureano,* at 762–63; *Stephans,* at 603. The underlying purpose of CrR 8.3(b) is fairness to the defendant. *Stephans,* at 603. Although the State did not act in a fair manner when it withheld information from Cochran and the Court of Appeals, Cochran does not dispute that his ability to receive a fair trial on remand is in no way impaired.

Because dismissal is an extraordinary remedy and because the prejudice in this case can be remedied by granting a new trial, we find no abuse of discretion in the trial court's denial of the motion to dismiss pursuant to CrR 8.3(b). If, however, counsel develops facts showing unfairness before the new trial commences, the trial court reserves the right to reconsider the discretionary remedy of dismissal under CrR 8.3(b). We also find that Cochran's right against double jeopardy is not violated under either the United States Constitution or the Washington State Constitution.

We affirm.

RINGOLD, A.C.J., and COLEMAN, J., concur.

Review denied by Supreme Court April 5, 1988.