IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 78954-6-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RUSTEM MIKAILOV, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |
| | ) | |

VERELLEN, J. — Our constitutional prohibitions on double jeopardy generally do not prohibit retrial of a defendant who moved successfully for a mistrial. But where the State intentionally provoked the motion, double jeopardy principles prohibit retrial. Because the trial court found the State did not intentionally provoke Rustem Mikailov into moving for a retrial and those findings are unchallenged, the court did not err by conducting a second trial on the same charges.

But because the trial court sentenced Mikailov under the mistaken belief it lacked the authority to consider an exceptional sentence and the record shows such a sentence was possible, Mikailov is entitled to resentencing.

Therefore, we affirm Mikailov's convictions and remand for resentencing.

FACTS

In May of 2018, a homeowner discovered his Glock 19X pistol was missing from a carrying case he left on a high shelf. The homeowner checked security camera footage of his house and discovered his gun had been taken by one of the contractors working at his house that day. He called 911 and reported the theft. When the police arrived, they watched the security camera footage and then detained Mikailov, the contractor who appeared in the video. The police found the gun inside Mikailov's backpack. Mikailov was charged with theft of a firearm and unlawful possession of a firearm.

Pretrial, the court suppressed any evidence about finding the gun because the warrantless search of the backpack violated article I, section 7 of the Washington State Constitution. But the prosecutor referred to the suppressed evidence in his opening argument, which caused Mikailov to object and move for a mistrial. Mikailov also moved to dismiss the charges, arguing double jeopardy precluded a new trial. The court granted the motion for a mistrial and denied the motion to dismiss, concluding the prosecutor made an honest mistake and did not intentionally provoke Mikailov into moving for a mistrial.

After a second trial, the jury found Mikailov guilty of theft of a firearm and of unlawful possession of a firearm. The State and Mikailov agreed that RCW 9.94A.589(1)(c) of the Sentencing Reform Act of 1984 (SRA) prohibited concurrent sentences and mandated consecutive sentences for the charges and that a 43-month sentence at the bottom of the standard range was appropriate.

The court agreed the statute mandated consecutive sentences and adopted the parties' recommendation, although it declined to impose post-incarceration community custody.

Mikailov appeals.

ANALYSIS

Mikailov contends the second trial violated the State and federal constitutional prohibitions against double jeopardy. We review a double jeopardy claim de novo as a question of law.[1] The double jeopardy clause applies where (1) jeopardy has previously attached, (2) jeopardy has terminated, and (3) the defendant is in jeopardy a second time for the same offense in fact and law.[2] The question here is whether jeopardy terminated after the court declared a mistrial.

Jeopardy terminates when the court dismisses the jury without the defendant's consent and the dismissal is not in the interest of justice.[3] A defendant consents to the jury's dismissal by moving for a mistrial.[4] But "a narrow

---

[1] State v. Strine, 176 Wn.2d 742, 751, 293 P.3d 1177 (2013) (quoting State v. Turner, 169 Wn.2d 448, 454, 238 P.3d 461 (2010)).

[2] Id. at 752.

[3] Id. Jeopardy also terminates when the defendant is acquitted or when a final conviction is entered against the defendant. Id. These are not at issue here.

[4] State v. Lewis, 78 Wn. App. 739, 745, 898 P.2d 874 (1995).

exception"[5] prevents retrial where the defendant shows the prosecutor intentionally provoked or goaded the defense into the motion for a mistrial.[6]

Prosecutorial intent is a question of fact.[7] Here, the trial court found the prosecutor did not intend to provoke a mistrial. Mikailov does not challenge this finding, making it a verity on appeal.[8] Because the prosecutor did not provoke Mikailov into moving for a mistrial, he consented to dismissal of the jury and jeopardy did not terminate. Additionally, the trial court was in the best position to determine the prosecutor's intent based on all the facts surrounding the prosecutor's phrasing of his opening statement.[9] The court did not err by denying Mikailov's motion to dismiss.

---

[5] Oregon v. Kennedy, 456 U.S. 667, 673, 102 S. Ct. 2083, 72 L. Ed. 2d 416 (1982).

[6] State v. Cochran, 51 Wn. App. 116, 120, 751 P.2d 1194 (1988) (citing Kennedy, 456 U.S. at 676). Mikailov urges us to adopt and apply the broader standard adopted in Oregon that requires showing only that the prosecutor was indifferent to the risk of a mistrial. Because our Supreme Court has held the federal and state constitutional prohibitions on double jeopardy "afford the same protections and are identical," Strine, 176 Wn.2d at 751 (quoting Ervin, 158 Wn.2d at 752), and the court applied the more limited federal standard in State v. Benn, 161 Wn.2d 256, 270, 165 P.3d 1232 (2007), we decline to apply the broader Oregon standard. Additionally, on the facts of this case, it appears the result would be the same under either standard.

[7] Lewis, 78 Wn. App. at 744.

[8] State v. O'Neill, 148 Wn.2d 564, 571, 62 P.3d 489 (2003).

[9] See Lewis, 78 Wn. App. at 744 ("The trial court's finding as to intent is akin to a credibility determination, if not exactly like it, because the finding requires an evaluation of factors not readily apparent from the cold pages of an appellate transcript.").

Mikailov contends the court erred by running his sentences consecutively because it believed it lacked the discretion under the SRA to impose an exceptional sentence by running his sentences concurrently. In State v. McFarland, our Supreme Court held RCW 9.94A.535(1)(g) provides trial courts authority to consider an exceptional sentence for a defendant convicted of multiple firearm-related convictions, including imposition of concurrent rather than consecutive sentences.[10] Mikailov was convicted of two firearm-related crimes. "'The failure to consider an exceptional sentence is reversible error.'"[11] Because the court here believed the "consecutive nature of the sentencing here" was "necessary" based on the SRA and did not consider the possibility of an exceptional sentence,[12] it committed reversible error.

The State argues remand is not required because the "record shows that the trial court had no legal basis to impose an exceptional sentence."[13] But RCW 9.94A.535(1)(g) grants a legal basis for a trial court to consider running a defendant's firearm-related sentences concurrently where presumptive sentences would be "clearly excessive" if run consecutively.[14] And one consequence of the trial court's mistaken belief that it was required to run Mikailov's sentences

---

[10] 189 Wn.2d 47, 55, 399 P.3d 1106 (2017).

[11] In re Pers. Restraint of Mulholland, 161 Wn.2d 322, 333, 166 P.3d 677 (2007) (quoting State v. Grayson, 154 Wn.2d 333, 342, 111 P.3d 1183 (2005)).

[12] RP (Sept. 14, 2018) at 982.

[13] Resp't's Br. at 15-16.

[14] McFarland, 189 Wn.2d at 55 (citing RCW 9.94A.535(1)(g)).

consecutively was an underdeveloped record exploring the extent of any mitigating factors. Further, where the trial court believed it had discretion to act, it rejected the State's community custody recommendation and instead declined to impose any term of community custody.

"Where the appellate court 'cannot say that the sentencing court would have imposed the same sentence had it known an exceptional sentence was an option,' remand is proper."[15]

Therefore, we affirm Mikailov's convictions and remand for resentencing.

WE CONCUR:

---

[15] Mulholland, 161 Wn.2d at 334 (quoting State v. McGill, 112 Wn. App. 95, 100-01, 47 P.3d 173 (2002)).