**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Franke Eugenio MARTINEZ, a/k/a Frank E. Martin, a/k/a Francisco Martinez, Defendant-Appellee.**

**No. 83–2184.**

United States Court of Appeals, Tenth Circuit.

Submitted Aug. 29, 1984.

Decided Sept. 14, 1984.

Rehearing Denied Oct. 11, 1984.

Barry Rand Elden, Sp. Asst. U.S. Atty., Chicago, Ill. (Walter Jones, Jr., Sp. Asst. U.S. Atty., Chicago, Ill., and Robert N. Miller, U.S. Atty., Denver, Colo., with him on the brief), for plaintiff-appellant.

Kenneth A. Padilla, and Walter L. Gerash, Gerash & Robinson, P.C., Denver, Colo., for defendant-appellee.

Before BRIGHT, McMILLIAN and ARNOLD, Circuit Judges.[*]

McMILLIAN, Circuit Judge.

The United States appeals from the final order of the District Court for the District of Colorado dismissing, on the ground of destruction of evidence, an indictment against Franke Eugenio Martinez charging possession and mailing of explosives, and from the ruling of the district court excluding evidence of other crimes. This appeal is authorized by 18 U.S.C. § 3731 (1976). For the reasons discussed below, we reverse the order dismissing the indictment and affirm the evidentiary ruling.

This case, arising out of three mail bomb incidents in Denver, Colorado, in October 1973, has had a long and tortuous history. On or about October 27, 1973, three explosive devices were placed in the United States mails for delivery in the Denver area, one addressed to a Denver police officer, one to a motorcycle shop and one to a member of the Denver School Board. On October 30, 1973, a warrant was issued for the arrest of Franke Eugenio Martinez, an activist Mexican-American lawyer, in con-

[*] Judge Myron H. Bright, Judge Theodore McMillian and Judge Richard S. Arnold, Circuit Judges for the United States Court of Appeals for the Eighth Circuit, sitting on this appeal in the Tenth Circuit by designation.

nection with these crimes. On November 9, 1973, a seven-count indictment was returned against Martinez containing three counts of mailing an explosive in violation of 18 U.S.C. §§ 1716 and 2, three counts of unlawful possession of a destructive device in violation of 26 U.S.C. §§ 5861(d) and 5871 and 18 U.S.C. § 2, and one count of conspiracy in violation of 18 U.S.C. § 371. Following issuance of the warrant, Martinez fled the country and was not arrested until September 1980, when he was returned to Denver for trial.

Before trial, in January 1981, the district court [1] ordered that the counts of the indictment be severed by episode, requiring separate trials for each of the three incidents. The district court further ruled that evidence of the other two incidents for which the defendant was not being tried was not admissible.

The first trial, on two counts pertaining to the mail bomb sent to the police officer and on the conspiracy count, resulted in a mistrial. Following a hearing on the defendant's post-trial motion to dismiss these three counts on the ground of double jeopardy, the district court [2] found that the defendant had been induced to join in the motion for mistrial as the result of judicial and prosecutorial misconduct and, therefore, dismissed the three counts of the indictment for which the defendant had been placed in jeopardy. The district court denied the defendant's motion to dismiss also the four previously severed counts, from which ruling the defendant appealed. The government cross-appealed the dismissal of the three counts. The Tenth Circuit Court of Appeals [3] dismissed both appeals on jurisdictional grounds. *United States v. Martinez*, 667 F.2d 886 (10th Cir.1981), *cert. denied*, 456 U.S. 1008, 102 S.Ct. 2301, 73 L.Ed.2d 1304 (1982).[4]

A second trial, on the two counts of the indictment relating to the mail bomb sent to the motorcycle shop, was set for March 29, 1982. In a pretrial order, the district court [5] ruled that the government could not introduce evidence of any acts not charged in the specific counts to be tried on that date. The district court also ruled that evidence of the defendant's flight was not admissible. The government appealed these interlocutory orders as authorized by 18 U.S.C. § 3731. The Tenth Circuit reversed the district court on the admissibility of flight evidence, but dismissed the appeal from the order regarding the other crimes evidence because the notice of appeal from that order was not timely filed. *United States v. Martinez*, 681 F.2d 1248 (10th Cir.1982). The case proceeded to trial [6] and resulted in a jury verdict of not guilty and a judgment of acquittal.

The subject matter of the present appeal is a third trial on the two remaining counts of the indictment involving the mail bomb sent to the school board member. The government's evidence on these charges, relevant to this appeal, is as follows.

On Saturday, October 27, 1973, the United States Postal Service delivered a package in Denver, Colorado, to Robert L. Crider, a member of the Denver School Board. Crider opened the package and found a

---

1. Judge Fred M. Winner, United States Senior District Judge for the District of Colorado.

2. Judge Luther B. Eubanks, Chief Judge, United States District Court for the Western District of Oklahoma.

3. Chief Judge Donald P. Lay, Senior Judge Floyd R. Gibson, and Judge Myron H. Bright, Circuit Judges for the United States Court of Appeals for the Eighth Circuit, sitting in the Tenth Circuit by special designation.

4. The court concluded that because of the governmental misconduct, the double jeopardy clause prohibited further prosecution on the three counts involved in the mistrial and that,

therefore, the government's cross-appeal was not authorized under 18 U.S.C. § 3731. The court also concluded that it did not have jurisdiction to hear the defendant's appeal either under the collateral order doctrine of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), or under the court's supervisory powers.

5. Judge John L. Kane, Jr., United States District Judge for the District of Colorado.

6. Judge Frank G. Theis, United States District Judge for the District of Kansas.

manila expanding file inside. He noticed wires inside the file and, becoming suspicious, took the package outside, put it on his lawn and called the Denver Police Department. The police took the package in a bomb truck to a city park where it was opened and photographed. Inside the police found a device consisting of a battery, wires, three sticks of dynamite and a blasting cap. The police removed and destroyed the blasting cap, cut open the wrappers of the sticks, removed the filler material and burned and buried it, and transported the rest of the package and its contents to the Denver Police Department. The crime laboratory tested various items for fingerprints and recovered several latent prints which were photographed. On September 16, 1974, all the physical evidence retrieved from Crider's lawn was destroyed by the Denver Police Department due to a clerical error. In December 1980 one of the latent prints lifted from the outer package was identified from the photographs as Martinez's palm print.

In a pretrial motion, Martinez moved to dismiss the indictment claiming that the destruction of the evidence deprived him of the opportunity to examine it for possible exculpatory evidence, thereby violating his due process rights to a fair trial. The government, by pretrial motion, moved to admit evidence of the other two mail bombs. On August 18, 1983, the district court[7] dismissed the indictment due to the destruction of the evidence and ruled that evidence of the other two mail bomb incidents would not be admissible in a trial on the Crider incident. *United States v. Martinez*, No. 73–CR–414 (D.Colo. Aug. 18, 1983). From these rulings the government now appeals.

*Dismissal of the Indictment*

■ It is well established that a criminal defendant's fifth amendment due process right to a fair trial is violated when access to evidence favorable to the accused and material to guilt is denied. *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) (suppression by the prosecution of evidence favorable to an accused who has requested it violates due process when the evidence is material to guilt, irrespective of the good or bad faith of the prosecution). The requirement of materiality has consistently been emphasized in the various access-to-evidence situations addressed by the Court. *See United States v. Valenzuela-Bernal*, 458 U.S. 858, 870–73, 102 S.Ct. 3440, 3448–50, 73 L.Ed.2d 1193 (1982) (the government's deportation of a witness whose testimony would have been favorable and material to defendant violates the Due Process Clause); *United States v. Agurs*, 427 U.S. 97, 112–13, 96 S.Ct. 2392, 2401–02, 49 L.Ed.2d 342 (1976) (even in the absence of a specific request, the prosecution has a constitutional duty to turn over material exculpatory evidence to a defendant). The Tenth Circuit has applied this materiality requirement to lost or destroyed physical evidence in *United States v. Baca*, 687 F.2d 1356, 1359–60 (10th Cir. 1982), *United States v. Shoels*, 685 F.2d 379, 384 (10th Cir.1982), *cert. denied*, ── U.S. ──, 103 S.Ct. 3117, 77 L.Ed.2d 1370 (1983), and *United States v. Wilks*, 629 F.2d 669, 674 (10th Cir.1980). In each of these cases the court concluded that the defendant did not make a sufficient showing that the missing evidence was material and that he was thereby prejudiced by its unavailability.

In our review of the district court's holding in the present case that the destroyed evidence was material and that its destruction therefore required dismissal of the indictment, we have the benefit of the recent Supreme Court definition of materiality in the context of potentially exculpatory evidence that has not been preserved by the government. In *California v. Trombetta*, ── U.S. ──, 104 S.Ct. 2528, 2534, 81 L.Ed.2d 413 (1984), the Court stated as follows:

> Whatever duty the Constitution imposes on the [government] to preserve evidence, that duty must be limited to evidence that might be expected to play a

---

7. Judge Frank G. Theis, *see* n. 6 *supra*.

significant role in the suspect's defense. To meet this standard of constitutional materiality ... evidence must both possess an exculpatory value that was apparent before the evidence was destroyed, and also be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means.

We do not believe that this standard is met on the facts of this case. Martinez's arguments that the missing evidence *might* have contained exculpatory information, such as that blood group substance in the saliva from the mailing label and stamps differed from his own, or that his palm print did not contain explosive residue, or that his prints were not on the label or dynamite wrappers, or that the device in the package was not even an explosive or destructive device, are based purely on speculation and conjecture. The fact that certain tests were not performed while the evidence was in existence, *e.g.*, to determine whether the package actually contained explosive material, a fact which appears to have weighed heavily in the district court's deliberations, slip. op. at 7–8, 10, goes to the weight and sufficiency of the government's case against Martinez rather than to the evidence's "exculpatory value that was apparent before [it] was destroyed." We therefore conclude that Martinez has failed to establish a violation of his right to a fair trial because of the destruction of the evidence and that the district court erred in dismissing the indictment.

*Admission of Other Crimes Evidence*

The government argues that the district court erred in holding that evidence of the bomb incidents which were the subject of Martinez's prior mistrial and acquittal would not be admissible in the present case. The government argues that the excluded evidence is relevant to the issues of identity, common scheme and motive and, therefore, admissible under Fed.R.Evid. 404(b).

The Tenth Circuit recognizes as a general rule that evidence of illegal activities other than those charged is ordinarily inadmissible. *United States v. Westbo*, 576 F.2d 285, 291 (10th Cir.1978). Even under the exceptions to this rule provided in Fed.R.Evid. 404(b) for evidence of crimes which prove, among other things, identity, scheme or motive, the evidence is not admissible if its probative value is outweighed by its potential for prejudice. *Id.; United States v. Nolan*, 551 F.2d 266, 271 (10th Cir.), *cert. denied*, 434 U.S. 904, 98 S.Ct. 302, 54 L.Ed.2d 191 (1977); Fed.R. Evid. 403. This determination is properly within the trial court's discretion. *United States v. Westbo*, 576 F.2d at 291; *United States v. Bridwell*, 583 F.2d 1135, 1140 (10th Cir.1978).

In the present case, as the district court noted, the admission of other crimes evidence has been contested from the genesis of the government's prosecution against Martinez. Slip op. at 12. In ruling on the admissibility of such evidence in this case, the district court considered the previous history of the case, including the dismissal of the counts in the first trial as a legal sanction for governmental misconduct and the acquittal in the second trial, as well as the two prior decisions by the other district judges excluding evidence of each of the incidents which the government now seeks to admit. The district court, which was in a position to weigh the particularized prejudice of such evidence under all the circumstances of this litigation, decided that evidence of the incidents for which Martinez is not now charged should not be admissible in the third trial. We cannot say that this decision is an abuse of the district court's discretion and we therefore affirm the decision.

Accordingly, the order of the district court dismissing the indictment is reversed and the case is remanded for further proceedings consistent with this opinion.