985 F.2d 554
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marika Lody RUNNELLS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Robert RUNNELLS, Jr., Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Robert RUNNELLS, Jr., Defendant-Appellant.
 Nos. 91-5512, 91-5513, 91-5514.
 United States Court of Appeals,
Fourth Circuit.
 Argued: December 3, 1992
Decided: January 25, 1993
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Norfolk. J. Calvitt Clarke, Jr., Senior District Judge. (CR-88-53-N, CR-88-36-N)
 James Orlando Broccoletti, Zoby & Broccoletti, Norfolk, Virginia, for Appellant William Runnells; W. Thurston Harville, Norfolk, Virginia, for Appellant Marika Runnells.
 James Ashford Metcalfe, Assistant United States Attorney, Norfolk, Virginia, for Appellee.
 Richard Cullen, United States Attorney, Norfolk, Virginia; Justin W. Williams, Assistant United States Attorney/Chief, Criminal Division, Rachel C. Ballow, Assistant United States Attorney, Alexandria, Virginia; Joseph A. Fisher, III, Office of General Counsel, Office of Thrift Supervision, Washington, D.C.; Richard G. Convertino, Trial Attorney, United States Department of Justice, Washington, D.C., for Appellee.
 E.D.Va.
 AFFIRMED.
 Before MURNAGHAN, WILKINS, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Landbank Equity Corporation, a company founded by Mr. William R. Runnells, Jr. and of which Mrs. Marika Lody Runnells was an officer, declared bankruptcy in 1985. Mr. Runnells was indicted in March 1988 on twenty-four felony counts including conspiracy, filing false tax returns, bankruptcy fraud, criminal contempt, and obstruction of justice. Both Mr. and Mrs. Runnells, as well as their accountant and another Landbank officer, were indicted in April 1988 on charges of wire fraud, RICO violations, bank fraud, bankruptcy fraud, and obstruction of justice.[1] The Runnells fled the jurisdiction of the Eastern District of Virginia after three other family members pled guilty to felony charges related to their involvement with Landbank. The Runnells were apprehended in Texas in March 1990 and were detained pending trial after a detention hearing in April 1990. After a two-month joint trial and deliberation of approximately five days, the jury found Mr. Runnells guilty on all but three counts and Mrs. Runnells guilty on all but two counts. Mr. Runnells received a total sentence of forty years and $500,000 in restitution and Mrs. Runnells received a total sentence of thirty-one years and $500,000 in restitution.[2] Their cases have been consolidated for appeal.
 
 
 2
 Mrs. Runnells argues on appeal that the attorney who represented her husband at trial, Richard G. Brydges, had a conflict of interest because he had previously represented both Mr. and Mrs. Runnells. Mrs. Runnells asserts that her case was prejudiced by Brydges's continued representation of her husband at trial. Mr. Runnells contends that the district court should have granted a mistrial after he discovered that Brydges's former law partner, Michael Dills, had negotiated a plea agreement for J.C. Cox, who received immunity in exchange for testifying about Mr. Runnells's gambling habits. Mr. Runnells also argues that the district court erred in denying his motion to introduce evidence of a mental defect, namely his alleged pathological gambling disorder.[3] Finding no merit in any of these contentions, we affirm Mr. and Mrs. Runnells's convictions.
 
 I.
 
 3
 Mrs. Runnells argues that she was prejudiced by Brydges's continued representation of her husband, after he had previously represented both of them. Brydges had represented Mr. and Mrs. Runnells in both criminal and non-criminal matters prior to their indictment, as well as at their arraignment in this case. On April 16, 1990, Brydges requested that the Magistrate Judge appoint separate counsel for Mrs. Runnells in order to avoid any suggestion of a conflict, and Brydges continued his representation of Mr. Runnells. On August 13, 1990, the district court conducted a Rule 44(c)[4] hearing to ascertain whether a conflict of interest existed because of Brydges's continued representation of Mr. Runnells.
 
 
 4
 During the Rule 44(c) hearing the district court asked Mrs. Runnells if she was satisfied that there was no conflict of interest and she replied that she was. (J.A. at 270.) Mrs. Runnells concedes, as she must, that at the hearing she waived any conflict of interest. She argues, however, that the Rule 44(c) hearing was belated and inadequate and that the district court was misinformed as to the extent of Brydges's prior representation of the Runnells. We reject these contentions.
 
 
 5
 The Rule 44(c) hearing conducted by the district court was thorough and adequate. Both Mr. and Mrs. Runnells were informed of their right to conflict-free representation and each knowingly waived any conflict which might have existed as a result of Brydges's continued representation of Mr. Runnells. The district court also questioned Brydges himself at length regarding his assessment of any potential conflicts. Brydges explained the extent of his prior representation to the district court and specifically stated that he had "had a long association with both Mr. and Mrs. Runnells long before the indictments and ... consult[ed] with[each regarding] possible criminal ramifications from the bankruptcy." (J.A. at 271.) Brydges informed the court that he was satisfied that there would be no problem with his continued representation of Mr. Runnells and Mrs. Runnells's appointed counsel agreed, stating "[t]here will be no conflict." (J.A. at 274-75.)
 
 
 6
 Mrs. Runnells contends that Brydges had an actual conflict of interest such that prejudice is presumed under United States v. Tatum, 943 F.2d 370, 375 (4th Cir. 1991). In Tatum we stated that a breach of the duty of loyalty and the duty to avoid conflicts of interest can lead to ineffective representation and implicate the Sixth Amendment right to effective assistance of counsel. 943 F.2d at 375. We held that where an actual conflict of interest is shown and it adversely affects counsel's performance in defense, prejudice is presumed. Id. Mrs. Runnells contends on appeal that Brydges had an actual conflict of interest. She identifies no particular conflict, however, and her testimony at the Rule 44(c) hearing belies her current vague assertion.[5] Mrs. Runnells argues that because any evidence which was exculpatory for Mr. Runnells was necessarily inculpatory for her, Brydges's representation of Mr. Runnells necessarily created a conflict of interest which adversely affected her case. Again, Mrs. Runnells's testimony at the Rule 44(c) hearing does not support this contention because she specifically stated that she had discussed this issue with her separate counsel and she was not aware of any prejudice from Brydges's prior representation of her. There is no support in the record for the existence of an actual conflict or any adverse effect on Mrs. Runnells's case. Mrs. Runnells has shown no evidence of prejudice to her defense. In short, Mrs. Runnells has done no more than show a "mere possibility of a conflict," which is insufficient to implicate her Sixth Amendment right to effective assistance of counsel. Id. Because Mrs. Runnells has not demonstrated any actual conflict of interest or prejudice to her defense, and because she knowingly waived any conflict at the Rule 44(c) hearing, we affirm her conviction.
 
 II.
 
 7
 Mr. Runnells also raises a conflict of interest issue. Mr. Runnells contends that the district court should have granted his motion for a mistrial because of an actual conflict of interest. Mr. Runnells discovered from the grand jury testimony submitted as Jencks material[6] that Michael Dills, a former law partner of Brydges, had negotiated a plea agreement for J.C. Cox, a witness who received immunity in exchange for testifying about Mr. Runnells's gambling habits. At the point of Runnells's discovery, Cox had already testified against Mr. Runnells.
 
 
 8
 In response to Mr. Runnells's motion for a mistrial, the district court halted the trial and conducted an evidentiary hearing on the conflict issue. After a thorough examination of Brydges, Dills, the Government's attorney, and Mr. Runnells, the district court determined that no actual conflict of interest existed; that Runnells had known about this situation from the standard forms 302[7] for a long time; that Brydges did not obtain any information from Dills about Cox and had no legal connection with Cox; that Mr. Runnells shared no confidences with Dills; that Dills had no contact with Cox prior to his trial testimony; that Brydges's cross-examination of Cox was unaffected by Dills's prior representation; that Cox's testimony was a minor portion of the evidence in the two-month trial regarding Mr. Runnells's gambling; and that Runnells admitted his gambling. Accordingly, the district court denied Runnells's motion. We review the district court's findings of fact for clear error, see United States v. Green, 636 F.2d 925, 928 (4th Cir. 1980), cert. denied, 451 U.S. 929 (1981); United States v. Jones, 542 F.2d 186, 199 (4th Cir.), cert. denied, 426 U.S. 922 (1976), and the denial of Mr. Runnells's motion for abuse of discretion, United States v. Arrington, 757 F.2d 1484, 1486 (4th Cir. 1985).
 
 
 9
 As we stated with regard to Mrs. Runnells's argument, Mr. Runnells must show that Brydges had an actual conflict of interest, not merely a hypothetical or speculative conflict. McConico v. Alabama, 919 F.2d 1543, 1546 (11th Cir. 1990). An actual conflict exists if Brydges actively represented conflicting interests. Tatum, 943 F.2d at 375. In addition, before prejudice is presumed Mr. Runnells must show that the actual conflict adversely affected Brydges's performance in defending him. Id. The adverse effect may be in terms of affirmative actions taken by Brydges or his failure to take actions, such as ineffectively cross-examining a prosecution witness. Id. at 376.
 
 
 10
 Mr. Runnells argues that Dills's representation of Cox constituted an actual and simultaneous conflict of interest which adversely affected him at trial and that under Strickland v. Washington, 466 U.S. 668, 692 (1984), Tatum, 943 F.2d at 375, and our recent opinion in United States v. Swartz, 975 F.2d 1042, 1047-48 (4th Cir. 1992), prejudice is presumed and a mistrial should have been granted. The Government contends that there is no actual conflict of interest in this case.[8] The Government also contends that Mr. Runnells cannot show that Brydges's representation of him was affected in any way by Dills's former representation of Cox.
 
 
 11
 We find no error in the district court's finding that there was not an actual conflict. Dills represented Cox in December 1986 when Cox was subpoenaed by the grand jury investigating the Landbank case. At that time, Dills was a sole practitioner and was not affiliated with Brydges. Dills was present when Cox was debriefed by the Government in exchange for immunity and Dills testified that his representation of Cox ended in December 1986. These events occurred before January 1987, when Dills joined Brydges's law firm. Dills testified that his only contact with Cox after joining Brydges's firm was the act of mailing Cox a copy of the immunity order. According to Dills, he appropriately disclosed to Brydges the fact that he had represented Cox, he did not participate in any way in the preparation of Mr. Runnells's defense and he never discussed with Brydges any of the information he had received from Cox. Dills testified that his only contact with Mr. Runnells consisted of delivering papers for Mr. Runnells to sign. Dills left Brydges's firm in May or June of 1988, over two years before Mr. Runnells's trial.
 
 
 12
 Mr. Runnells emphasizes that Brydges and Dills were aware of the potential conflict because the Government wrote a letter to Dills in January 1987 calling it to his attention. (J.A. at 434.) Mr. Runnells protests that even though the Government, Brydges, and Dills determined that no conflict of interest existed, he was never informed about the situation. Mr. Runnells also contends that when Dills was working with Brydges and delivered papers to him, he and Dills discussed Mr. Runnells's gambling and other issues regarding his defense.
 
 
 13
 The district court's finding that there was no actual conflict of interest is not clearly erroneous. Moreover, even if there were an actual conflict, Mr. Runnells has shown nothing more than his own speculation that Brydges's representation of him was prejudiced in any way by the conflict or that Brydges's cross-examination of Cox at trial was affected by Dills's prior representation of Cox.[9] Accordingly, we find no abuse of discretion in the district court's denial of Mr. Runnells's motion for a mistrial and affirm Mr. Runnells's conviction.
 
 III.
 
 14
 In addition, Mr. Runnells challenges the district court's exclusion of evidence regarding his alleged pathological gambling disorder. We find this challenge to be without merit as well. In United States v. Gould, 741 F.2d 45, 50 (4th Cir. 1984), and United States v. Gillis, 773 F.2d 549, 557 (4th Cir. 1985), we held that a defendant must establish a minimum threshold of relevance before exculpatory evidence of compulsive gambling may be admitted in support of an insanity defense. This minimum threshold requires that Mr. Runnells demonstrate substantial acceptance in the field of psychology or psychiatry of a causal link between pathological gambling and the criminal conduct charged in this case. Gould, 741 F.2d at 49-50; Gillis, 773 F.2d at 557.
 
 
 15
 The district court found that Mr. Runnells had not met this relevance threshold and excluded all evidence about pathological gambling as an exculpatory defense. The only evidence Mr. Runnells submitted to satisfy this minimum threshold was a letter from a psychiatrist he had retained, an excerpt from the Journal of Forensic Sciences, and a citation from the American Psychiatric Association Diagnostic and Statistical Manual of Mental Disorders. In fact, the letter from Mr. Runnells's expert conceded that a pathological gambler's inability to control his or her impulses had not been successfully used as an exculpating defense against legal charges. (J.A. at 531.) The district court ordered that Mr. Runnells be examined by a court-appointed psychiatrist, and the report prepared from this examination further demonstrated the tenuous nature, both legally and factually, of Mr. Runnells's claim. In these circumstances, Mr. Runnells did not establish the causal link required to satisfy the minimum threshold of relevance, and it was not an abuse of the district court's discretion to exclude evidence regarding Mr. Runnells's pathological gambling.
 
 IV.
 
 16
 As a final matter, we address Mrs. Runnells's Motion for Reconsideration of the denial of her Motion to Discharge her courtappointed appellate counsel. We believe this issue should be addressed first by the district court pursuant to a claim under 28 U.S.C. § 2255 for ineffective assistance of counsel, rather than on direct appeal. The Fourth Circuit disfavors addressing claims of ineffective assistance of counsel on direct appeal because the record is incomplete and a § 2255 action allows counsel to explain his or her actions in an adversarial proceeding. E.g., United States v. Lurz, 666 F.2d 69, 78 (4th Cir. 1981) (declining to address the question of counsel's competency on direct appeal), cert. denied, 455 U.S. 1005, and cert. denied, 457 U.S. 1136, and cert. denied, 459 U.S. 843 (1982).
 
 
 17
 Accordingly, Mrs. Runnells's motion is denied.
 
 
 18
 In light of the foregoing, the convictions of both Defendants are affirmed.
 
 AFFIRMED
 
 
 [1]
 The complex factual basis for the convictions of Mr. and Mrs. Runnells is outlined in some detail in a prior opinion of this court in the related case of United States v. Butler, No. 89-5515, 1990 U.S. App. LEXIS 8195 (4th Cir. May 21, 1990) (per curiam) (unpublished)
 
 
 [2]
 Because their offenses were committed prior to November 1, 1987, the Federal Sentencing Guidelines did not apply
 
 
 [3]
 In his brief, Mr. Runnells also alleged ex parte communication between the district court and the government. The government's response more than adequately explained the circumstances suggested by Mr. Runnells, and we see no need to discuss this allegation further
 
 
 [4]
 Rule 44(c) of the Federal Rules of Criminal Procedure states:
 Joint Representation. Whenever two or more defendants have been jointly charged pursuant to Rule 8(b) or have been joined for trial pursuant to Rule 13, and are represented by the same retained or assigned counsel or by retained or assigned counsel who are associated in the practice of law, the court shall promptly inquire with respect to such joint representation and shall personally advise each defendant of the right to the effective assistance of counsel, including separate representation. Unless it appears that there is good cause to believe no conflict of interest is likely to arise, the court shall take such measures as may be appropriate to protect each defendant's right to counsel.
 
 
 [5]
 The colloquy between the district court and Mrs. Runnells was as follows:
 THE COURT:.... Mrs. Runnells, have you had an opportunity to discuss this matter with Mr. Bouchard, your attorney?
 THE DEFENDANT MARIKA RUNNELLS: Yes, I have, Your Honor.
 THE COURT: And do you understand also that you have an absolute right to one hundred percent representation, of course, by your attorney?
 THE DEFENDANT MARIKA RUNNELLS: Yes, I do.
 THE COURT: But are you satisfied that during the period of time that Mr. Brydges represented you and you were talking to him as your attorney that you did not tell him anything which could, at this time or during the trial, in any way prejudice you?
 THE DEFENDANT MARIKA RUNNELLS: I'm not aware of anything, no, that I told Mr. Brydges.
 THE COURT: And you feel that there's no confidence that you or - or-made him a party to or any statements you were made a party to that should be used or could be used in your behalf but Mr. Brydges or Mr. Bouchard could not use because of Mr. Brydges' former representation of you?
 THE DEFENDANT MARIKA RUNNELLS: No, Your Honor, I'm not aware of anything.
 THE COURT: All right. And you're satisfied that there is no conflict?
 THE DEFENDANT MARIKA RUNNELLS: Yes, I am.
 THE COURT: All right. And you're willing to go forward with the case like it is?
 THE DEFENDANT MARIKA RUNNELLS: Yes, I am.
 (J.A. at 269-70.)
 
 
 [6]
 Jencks v. United States, 353 U.S. 657, 668 (1957) (holding that criminal defendant was entitled to reports which might be used to discredit the government's witnesses)
 
 
 [7]
 A standard form 302 is used to prepare reports of investigations by FBI agents and may be produced to the defense pursuant to criminal discovery motions
 
 
 [8]
 It is the Government's position that Runnells has only shown successive representation, rather than simultaneous representation, and it is generally more difficult to show an actual conflict with successive representation. Smith v. White, 815 F.2d 1401, 1405 (11th Cir.), cert. denied, 484 U.S. 863 (1987). The government also argues that there is no actual conflict, even if the representation is simultaneous. The question of whether the representation was successive rather than simultaneous does not conclusively determine the critical factor with regard to this issue, namely whether there was an actual conflict. See McConico, 919 F.2d at 1546. Because we agree with the government that Brydges did not have an actual conflict even if the representation was simultaneous, we do not find it necessary to further delve into whether the representation was simultaneous or successive
 
 
 [9]
 In fact, it would seem that Dills's joining of Brydges's firm could have only benefitted Mr. Runnells because information about Cox's testimony and background could have helped his defense