UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 99-4314

LINWOOD DOUGLAS THORNE,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Herbert N. Maletz, Senior Judge, sitting by designation.
(CR-94-453-HNM)

Submitted: January 31, 2000

Decided: February 18, 2000

Before WIDENER, WILKINS, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Timothy J. Sullivan, SULLIVAN & SULLIVAN, College Park,
Maryland, for Appellant. Lynne A. Battaglia, United States Attorney,
Sandra Wilkinson, Assistant United States Attorney, Greenbelt,
Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Linwood Douglas Thorne appeals his conviction entered after a jury trial for his role in a conspiracy to distribute and possess with intent to distribute crack cocaine in violation of 21 U.S.C. § 846 (1994) and possession with intent to distribute the same controlled substance in violation of 21 U.S.C. § 841(a)(1) (1994). On appeal, Thorne contends that the district court erred in denying his motion to dismiss the indictment and in declining to give a jury instruction regarding the permissible inferences arising from destroyed evidence. Thorne also suggests that the district court erred in applying a two-level enhancement for the possession of a weapon during a drug trafficking offense and in declining to accord him the benefits of the safety valve provision of the Sentencing Guidelines. See USSG § 5C1.2. Finding no merit to Thorne's assignments of error, we affirm.

In the absence of any showing of bad faith on the part of the Government in destroying evidence, the district court did not err in declining to dismiss the indictment. See Arizona v. Youngblood, 488 U.S. 51, 57-58 (1988). Moreover, any exculpatory value to the destroyed evidence in this case was purely speculatory. See Jones v. McCaughtry, 965 F.2d 473, 479 (7th Cir. 1992); United States v. Martinez, 744 F.2d 76, 80 (10th Cir. 1984). Similarly, the district court did not abuse its discretion in declining to issue Thorne's proposed jury instruction regarding the destroyed evidence. See United States v. Stotts, 113 F.3d 493, 496 (4th Cir. 1997).

With respect to Thorne's claims of error at sentencing, Thorne has failed to show that it was clearly improbable that the .357 magnum revolver found where he was sitting while the drug transaction occurred was connected with the offense. See USSG § 2D1.1, comment. (n.3); United States v. Harris, 128 F.3d 850, 852 (4th Cir. 1997). Neither did the district court err in declining to apply the safety valve provision. Thorne has consistently denied his role in the offense and maintained that he did not realize he was in the midst of a drug deal until it was too late. The vast weight of the evidence and the jury's verdict belie this assertion. Because Thorne failed to truthfully

2

provide all information concerning his offense to the Government prior to sentencing, he was not entitled to the operation of the safety valve. <u>See</u> 18 U.S.C. § 3553(f)(5)(1994). There was no error in sentencing Thorne without applying the reduction. <u>See United States v. Withers</u>, 100 F.3d 1142, 1147 (4th Cir. 1996).

Accordingly, we affirm Thorne's conviction and sentence. Thorne's motion to supplement counsel's formal brief is granted. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3